IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Criminal Case No.:  08-mj-00037-GJR
Charging Districts Case No.:  A-95-CR-130 JRN

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

HARRY SCHREIBER,

    Defendant.

## ORDER OF DETENTION

    This matter came before the Court for a preliminary hearing, identity hearing and detention hearing on supervised release violations on September 18, 2008 in Grand Junction, Colorado.  Wyatt Angelo represented the government and Robert McAllister represented the defendant, who was present in custody.  Defendant requested that the preliminary hearing be continued.  The preliminary hearing in this matter is continued to September 26, 2008 at 1:00 PM in Grand Junction, Colorado.  Defendant waived his right to an identity hearing and confessed identity.  The government moved for detention of Defendant.  The matter proceeded to detention hearing.

    Rule 32.1 provides that a person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge. The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings.  Section 3143(a) states that the judicial officer shall detain

a person who has been found guilty of an offense, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). The Bail Reform Act at 18 U.S.C. § 3142 (b) provides for release on personal recognizance or unsecured appearance bond.  The Bail Reform Act at 18 U.S.C. § 3142(c) provides for release on conditions.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant] See Rule 32.1(a)(6).

      Defendant was found guilty of conspiracy, bankruptcy fraud and wire fraud in the United States District Court for the Western District of Texas, Austin Division, and sentenced to a term of imprisonment for 120 months, to pay an $80,000 fine, to pay $354,253.11 in restitution, jointly and severally with co-defendant Mark Izydore, and upon release from imprisonment to be on supervised release for a term of three years. Defendant has been charged with violating the terms and conditions of his supervised release which began on February 26, 2006, in Colorado, following Defendant's release from imprisonment.

      Specifically, Defendant is charged with failing to file truthful and complete written reports with his probation officer, with failing to answer truthfully all inquiries by the probation officer, with failing to provide the probation officer with all requested financial information or documents, with incurring new credit charges without the approval of the probation officer and with engaging in a business or venture in which he manages, supervises, controls transfers or seeks to invest funds or assets of other persons and

with advising, counseling or directing the transfer of funds or assets of other persons.

The Bail Reform Act, at 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have considered the information in the petition for revocation of supervised release, the testimony of the supervising probation officer,

Denise Dohanic and the testimony of Defendant Harry Schreiber. Weighing the statutory factors set forth in the Bail Reform Act, I make the following findings of fact, conclusions of law, and order for detention.

First, Defendant is charged with violating the conditions of supervised release described above.

Second, jurisdiction of this case has not been transferred to the District of Colorado. Jurisdiction remains in the United States District Court for the Western District of Texas, Austin Division.

Third, the Magistrate Judge who approved the issuance of a warrant for the arrest of the Defendant, Magistrate Judge Andrew A. Austin of the United States District Court for the Western District of Texas, Austin Division, recommended that the Defendant be detained and not be released pending the final revocation hearing in the case. (see order of Andrew W. Austin, U.S. Magistrate Judge for the Western District of Texas, Austin Division, dated September 8, 2008)

Fourth, Defendant is 67 years old. He resides in Aspen, Colorado in a condominium that he does not own and which is believed to have a monthly rent of $6000.00. He has three sons, none of whom currently live in Aspen, Colorado; one son lives in Jackson, Wyoming and two sons live in Palm Beach, Florida. Defendant has no family ties to Aspen, Colorado and no property in Aspen, Colorado. Defendant receives social security benefits in the approximate amount of $1300.00 month.

Fifth, Defendant has not made any payment on the $80,000.00 fine ordered in this case.

Finally, I recognize Defendant was released on pretrial bond for over two years while awaiting trial, served his term of imprisonment and has been in regular contact with his probation officer during the period of supervised release.  However, considering the nature of the conviction, Defendant's lack of any ties to Colorado, or to Texas, and Defendant's lack of employment or community involvement in Colorado or Texas, I find Defendant has not met his burden of proof and has not shown by clear and convincing evidence that he is not likely to flee the jurisdiction of the Court.

As a result, after considering all of these factors, I conclude, for purposes of this detention order only, Defendant has violated one or more of the conditions of supervised release.  Defendant has not shown by clear and convincing evidence that he is not a flight risk or that there are conditions under which I could release him and be assured that he would appear for court proceedings.

For the reasons stated, it is hereby

**ORDERED** Defendant is a flight risk and is to be **detained** pending further proceedings.  It is further

**ORDERED** Defendant shall be afforded reasonable opportunity for private consultation with counsel while in custody.  It is further

**ORDERED** that upon an order of a court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

This matter is set for further appearance of Defendant in the District of Colorado

on September 26, 2008 at Grand Junction, Colorado at 1:00 o'clock for preliminary hearing. The Court will allow Defendant further opportunity at the September 26, 2008 preliminary hearing to establish by clear and convincing evidence that he is not likely to flee the jurisdiction of the Court.

Dated this 18th day of September, 2008.

BY THE COURT:

s/ Gudrun J. Rice
_____
Gudrun J. Rice
U.S. Magistrate Judge